## FANNY E. PYNCHON *vs.* JOHN LESTER.

The widow of one of two tenants in common of land subject to a mortgage to secure the support of another person is entitled, the other tenant in common having purchased the husband's share and paid off the whole mortgage in the husband's lifetime, to dower in her husband's half of the land; and may obtain it, under Rev. Sts. c. 60, § 2, by action at law, deducting half the value of the mortgage at the time of its discharge.

THOMAS, J. This is a writ of dower. The facts being understood, the case is plain.

On the 13th of July 1816, the land in which dower is claimed belonged to Walter Pynchon. Walter, on that day, conveyed his estate to his sons, George and Josiah. George and Josiah, at the same time, mortgaged back the estate to Walter, to secure the performance of a bond, with conditions for the support of Walter and his wife Mary during their lives, and the life of either of them. Walter and Mary received support from the joint property of George and Josiah till the death of Walter in 1818.

George Pynchon and Josiah then held the lands conveyed by Walter subject to the mortgage for the support of their mother, Mary Pynchon. As tenant in common with George, Josiah was seised of one half the estate, subject to the mortgage. On the 13th of January 1821, Josiah married the demandant. In his moiety of the estate she had, by the marriage, an inchoate right of dower, to be lost only by foreclosure of the mortgage, or her release or death. Some time before 1823, (the precise date does not appear,) partition was made of the estate between George Pynchon and Josiah. In that partition the premises, of which dower is now demanded, were set off to Josiah. In 1823, the right in equity of Josiah was sold on execution to George Pynchon. In 1826, Mary Pynchon, the mother, discharged the mortgage, George Pynchon giving her a new mortgage upon his own land, to secure the performance of the bond. In 1831, George Pynchon conveyed the premises to the tenant. On the 26th of March 1854, Josiah died.

These facts show no foreclosure of the mortgage; no release or loss of dower. The only question is as to the extent of the dower to which the demandant is entitled; whether of the estate as subject to, or as discharged of the mortgage.

The mortgage having been discharged by George Pynchon, who claims under Josiah, and under whom the tenant claims, the case falls within the provisions of the Rev. Sts. *c.* 60, § 2, and the case of *Newton* v. *Cook*, 4 Gray, 46.

The widow had, under the statute, her election to repay such part of the amount paid to discharge the mortgage, as her interest in the mortgaged premises bore to the whole value thereof; or to take dower according to the value of the estate, after deducting the amount paid to discharge the mortgage. She made this election by her demand, without an offer to repay, and by bringing her writ of dower.

The mode of assigning dower will be for the commissioners to ascertain the value of the premises which were set off in the partition to Josiah, the tenant's husband; to ascertain the value of the mortgage at the time it was discharged by George Pynchon; and, as the estate of Josiah was liable to one half the mortgage, to deduct such half from the estimated value of the premises, and assign to the demandant for her life a portion of the estate equal to one third of the residue.

*Judgment for the demandant.*

*J. E. Field*, for the demandant.

*T. Twining & H. L. Dawes*, for the tenant.